UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA KAY G., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 22-5640 (RK) (JBD) <br><br> **MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the Motion of Linda Kay G. ("Plaintiff")[1] to award attorney's fees for her Counsel, Abraham S. Alter, Esq. ("Plaintiff's Counsel") pursuant to 42 U.S.C. § 406(b). (ECF No. 25.) Defendant Commissioner of the Social Security Administration (the "Commissioner") neither supports nor opposes the Motion for attorney's fees. (ECF No. 26.) The Court has carefully considered the parties' submissions, and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

**I.      BACKGROUND**

On April 10, 2024, this Court vacated, and remanded a decision by the Commissioner that Plaintiff was not disabled. (ECF No. 20.) On April 24, 2024, this Court awarded Plaintiff's Counsel $7,700 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 24.) On remand, the Administrative Law Judge found Plaintiff disabled as of her onset date of September 8, 2019. (Ex. 3 to ECF No. 25 at 2.) On October 10, 2024, the Social

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

Security Administration awarded Plaintiff total past due Social Security disability benefits of $138,877.00. (Ex. 3 to ECF No. 25 at 2.)

## II.  LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b) of the Social Security Act provides that:

> Whenever a court renders a judgement favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which claimant is entitled by reason of such judgment . . .

It is for this Court to determine if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 809 (2002).

## III.  DISCUSSION

### A. Hour Calculations

Based on the award of $138,877.00 for Plaintiff's past due disability benefits, Plaintiff's Counsel seeks an award of $34,719.00, which represents 25% of the disability benefits. (ECF No. 25 at 2.) This fee would be paid from the $138,877.00 Plaintiff was awarded. Both parties agree that if Plaintiff's Counsel receives this fee, he must refund Plaintiff the EAJA fee previously awarded in the instant case. (*See* Ex. 3 to ECF No. 25 at 4; ECF No. 26 at 2); *see also Leak v. Comm'r of Soc. Sec.,* No. 11-51, 2017 WL 5513191, at *2 (D.N.J. Nov. 17, 2017) ("[W]henever EAJA fees are awarded in the same case as fees pursuant to 406(a), the smaller fee is to be refunded." (citing *Williams v. Comm'r of Soc. Sec.,* 549 F. Supp. 2d 613, 616 n.4 (D.N.J. 2008))). Accordingly, Plaintiff's Counsel will refund Plaintiff $7,900.00, making Plaintiff's Counsel's fee amount $26,819.00 (*i.e.* $34,719.00 - $7,900.00). (*Id.*) Given that Plaintiff's Counsel worked 36.8 hours, the hourly rate awarded would be $728.78 (*i.e.* $26,819.00 / 36.8).

2

### B. Reasonableness

Where, as in the instant matter, there is a contingent-fee agreement between Plaintiff and her Counsel, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). Further, in *Gisbrecht*, the Supreme Court noted that contingent-fee agreements are unenforceable to the extent they include fees greater than 25 percent of the past-due benefits. (*Id.*) In the instant matter, this ceiling is not reached, as the amount sought by Plaintiff is within the 25 percent boundary. In determining whether the contingency-fee is reasonable, courts in the Third Circuit have considered "the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak,* 2017 WL 5513191, at *2.

In the instant matter, the Commissioner does not reference any reason that this Court should not award the full amount sought by Plaintiff's Counsel. (ECF No. 26 at 2)("Defendant neither supports nor opposes counsel's request for attorney's fees in the amount of $34,719.00, under 42 U.S.C. § 406(b)".) The Court finds a fee of $26,819.00 is reasonable in this case. Plaintiff's Counsel has been representing claimants before the Administration and in the Federal Courts for over 30 years. (Ex. 3 to ECF No. 25 at 3.) Plaintiff's Counsel worked for 36.8 hours on this case and Plaintiff achieved a positive result, given her representation resulted in Plaintiff's original unfavorable ruling being vacated, remanded, and ultimately being granted $138,877 in retroactive benefits. Significantly, Plaintiff agrees that $34,719 is a reasonable fee amount. (*Id.* at 3–4 ("[P]laintiff has also reviewed this Motion and agrees with payment of $34,719 in attorney fees.").) Plaintiff's Counsel's hourly rate of $728.78 is in line with rates awarded for comparable work

3

within this Circuit. *See Gonzales v. Comm'r of Soc. Sec.*, No. 10-3735, 2017 WL 6513349, at *2 (D.N.J. Dec. 19, 2017) (approving a fee of $37,926.00 for 38.2 hours of work (a $992.82 hourly rate)); *Wilson v. Astrue*, 622 F. Supp. 2d 132, 136 (D. Del. 2008) (approving a fee of $21,958.13, for 19 hours of work (a $1,155.69 hourly rate)). Finally, a higher contingency fee is reasonable in this matter given the risk of non-recovery if Plaintiff's claims were unsuccessful. *See Anthony v. Comm'r of Soc. Sec.,* No. 11-00796, 2014 WL 4352191, at *2 (D.N.J. Sept. 2, 2014.) As such, these factors weigh in favor of awarding Plaintiff's Counsel the full amount requested.

## CONCLUSION

For the reasons set forth above,

    **IT IS** on this 12th day of November, 2024,

    **ORDERED** that Plaintiff's Motion for Attorney's Fees, (ECF No. 25), is **GRANTED;** it is further

    **ORDERED** that Plaintiff's Counsel is entitled to $34,719.00 in attorney's fees pursuant to 42 U.S.C. § 406(b); it is further

    **ORDERED** that Plaintiff will be refunded $7,700 from Plaintiff's Counsel; and it is further

    **ORDERED** that the Clerk of the Court shall close this matter.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**